ELIZA M. C. A. LAWTON, Individually and as Executrix under the
Last Will and Testament of JAMES M. LAWTON, Deceased, Appel-
lant, *v.* ROBERT G. LAWTON, as Executor and Trustee, under the
Last Will and Testament of BENJAMIN E. LAWTON, Deceased, and
Others, Respondents.

*Will — when trustees under a will are authorized to invest in other than trust
securities.*

A testator, whose estate consisted in part of stocks and bonds, devised his prop-
erty to his executors in trust for his children who were infants. The will
directed the executors to convert the estate into money, "provided an equi-
table distribution cannot otherwise be made," and authorized them " to apply
such sums from the share or shares of such child or children or from the
income thereof for or towards the maintenance and education of such child or

children for whom such share or shares may be so held in trust as in the discretion of such executors shall seem necessary." It also directed that the executors should keep the trust fund "invested in such securities as to the said executors shall seem best."

*Held,* that the provision directing the estate to be converted into money, provided an equitable distribution could not be otherwise made, clearly indicated the testator's intention that the executors, certainly so far as the securities left by the testator were concerned, were not required to change such investments and to reinvest in trust securities;

That, considering the will as a whole, and the powers intended to be conferred upon the executors, it was the intention to confer upon the latter discretionary power to invest the testator's estate in other than trust securities, and that the executors should not be charged with liability for a loss resulting to the trust estate from an investment in other than trust securities, where it appeared that such discretion had not been abused.

APPEAL by the plaintiff, Eliza M. C. A. Lawton, individually and as executrix, etc., of James M. Lawton, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 9th day of April, 1898, upon the report of a referee, except from so much of said judgment as decides that the payments made by James M. Lawton, deceased, as executor and trustee, out of the principal for the expenses of the beneficiaries, were properly made and are to be credited to his estate, and that the plaintiff have commissions and costs, with notice of an intention to bring up for review upon such appeal an order made at the New York Special Term and entered in said clerk's office on the 9th day of April, 1898, denying the plaintiff's motion for a new trial made upon the ground of newly-discovered evidence, and for leave to the plaintiff, upon such new trial, to make and serve a supplemental complaint and to give such further evidence in accordance therewith as might be necessary or proper.

*George F. Canfield,* for the appellant.

*Samuel H. Ordway,* for the respondents.

VAN BRUNT, P. J.:

Benjamin E. Lawton, the testator, died in October, 1888, leaving no wife, and his only heirs and next of kin were six children, William W. Lawton, Henry D. Lawton, Harriet S. Lawton, James M.

Lawton, Jr., George Lawton and Mary E. Lawton. They were all under the age of twenty-one at the time of the testator's death. On the 20th of October, 1895, William W. Lawton reached the age of twenty-five years; on the 8th of October, 1895, Harriet S. Lawton reached the age of twenty-one years; on the 17th of August, 1897, Henry D. Lawton reached the age of twenty-three years; and in March, 1896, the date of the trial of this action before the referee, James M. Lawton was upwards of eighteen years of age, George Lawton was upwards of fifteen, and Mary E. Lawton was under fourteen years of age. The testator left a will and codicil by which he appointed his brothers James M. Lawton and Robert G. Lawton his executors. James M. Lawton alone qualified as executor and entered upon the duties of his trust. On the 20th of February, 1895, James M. Lawton died leaving a will appointing his wife, the plaintiff herein, his sole executrix, and letters testamentary under said will were issued to her on the 3d of June, 1895. On the 16th of September, 1895, the defendant Robert G. Lawton took out letters testamentary upon the estate of Benjamin E. Lawton, deceased. On the 26th of October, 1895, the plaintiff began this action for the purpose of having all the accounts of her deceased husband as executor and trustee of Benjamin E. Lawton judicially settled and allowed.

It appeared from the evidence that the assets of the estate which came into the hands of James M. Lawton as executor of Benjamin E. Lawton consisted of securities, stocks and a bond of the inventoried value of $13,016 and an interest in the firm of Lawton Brothers, the proceeds of which interest James M. Lawton invested in certain bonds and stocks. It was admitted upon the record that if, under the will of Benjamin E. Lawton, deceased, his executor had a general discretion in regard to investment, every one of the investments made by the executor was a perfectly reasonable one. It appeared upon the trial that as a general result of the management of the estate by the executor there had been a considerable increase in both principal and income; but that there would be a loss on the realization of certain securities in which the executor had invested the funds of the estate. It was held by the referee that, under the terms of the will, there was no discretion in the executor to invest the funds of the estate outside of court securi-

FIRST DEPARTMENT, DECEMBER TERM, 1898. [Vol. 35.

ties, and that his estate was responsible for the loss arising from the fact that certain of the securities purchased would not realize the amount paid therefor; and the defendants were allowed by the referee to select those securities which the new executor should receive, and the accounting executor's estate was by the judgment charged with the loss arising upon the securities which could not be sold for the amount which had been paid for the same; the court thus permitting investments to be made by the new executor on behalf of the infants in securities which by its decree in this action it has found that the old executor was not authorized to deal in. It is alleged that this selection was made by the beneficiaries; but it will be observed that at least three of such beneficiaries are infants and could not make any selection.

The sole question which it is necessary to consider upon this appeal is whether the position taken by the referee upon the trial of this action is correct in view of the provisions of the will of Benjamin E. Lawton, deceased.

That portion of the will which it is necessary to consider is as follows:

"*Second.* In case my said wife, Sarah Douglas Lawton, should not survive me, I give, devise and bequeath all my property, both real and personal, to my children, William Wallace Lawton, Henry Douglas Lawton, Harriet Sheldon Lawton, James Marsland Lawton, George Lawton and any other children who may hereafter be born to me, to be divided equally in the following manner, to wit: I order and direct my executors, hereinafter to be named, to convert the whole of my estate into money (provided an equitable distribution cannot otherwise be made) and to divide the same equally between my children, share and share alike; and if, my said wife not surviving me, my death shall occur before any of my male children shall have reached the age of twenty-five years or before any of my female children shall have reached the age of twenty-one years, or shall have married, then and in that case I direct my said executors to pay over to such of my male children as shall have reached the age of twenty-five years, and to such of my female children as shall have reached the age of twenty-one years, or shall have married, his or her equal distributive share in full, to have and to hold the same to him or her and to his or her heirs and assigns forever.

And the share or shares of such male child or children as shall not have reached the age of twenty-five years, and of such female child or children as shall not have reached the age of twenty-one years, or shall not have married, I hereby direct my executors to hold in trust to and for the use and benefit of such child or children, and to keep the same invested in such securities as to the said executors shall seem best; and when such male child or children shall reach the age of twenty-five years, or when such female child or children shall reach the age of twenty-one years, or shall marry, to pay over to such child or children his or her equal distributive share, to have and to hold the same to him or her and to his or her heirs and assigns forever. But I hereby order and declare that my said executors shall be authorized and empowered to apply such sums from the share or shares of such child or children, or from the income thereof, for or towards the maintenance and education of such child or children for whom such share or shares may be so held in trust as in the discretion of such executors shall seem necessary. And in case any of my children should die leaving issue him or her surviving, then I direct that such issue, collectively, shall take the share to which the deceased parent would have been entitled if living."

In the construction of a will in respect to the question of the intent of the testator in regard to investments, the same rules must necessarily apply as obtain in regard to the construction of the will in other respects. The whole of the will must be considered, or all of such parts of it as pertain to the subject under consideration, and from them the intention of the testator must be gathered. It is to be observed that large and extended powers are, beyond question, given to the executor in reference to the administration of his trust. He was not only to invest and to apply the proceeds to the benefit of the *cestuis que trust*, but he was also given power "to apply such sums from the share or shares of such child or children or from the income thereof for or towards the maintenance and education of such child or children for whom such share or shares may be so held in trust as in the discretion of such executors shall seem necessary." This provision, as has been properly held by the referee, gave to the executor the power, if in his discretion it might seem necessary, to apply a portion of the principal to the supplying

of the needs of the infant children of the testator. The testator evidently had great confidence in the discretion of his executor, and he intended to give him the right to use not only income but principal for the benefit of his children. The property left by the testator, outside of the sum received from the business of the firm of which he was a member, and which was inventoried at the sum of about $13,000, consisted of stocks and a bond of a character in which no trustee would be authorized to invest without special authority. We find, however, by the provisions of this will that the trustee was authorized to hold these securities, in fact was directed to do so, because the will provides that his estate is to be converted into money, provided an equitable distribution cannot otherwise be made — clearly indicating an intention upon the part of the testator that sales merely for change of investment were not to be resorted to. It was, therefore, his intention that the executor, certainly so far as the securities left by him were concerned, was not to be required to change such investments and to reinvest in court securities. It is to be remarked that one of the securities objected to, and with which the executor is charged, was a security found among the testator's assets at the time of his death. The testator then provides for the investment of the shares of his male children who had not arrived at the age of twenty-five years and of his female children who had not arrived at the age of twenty-one years or married, and directs the executor to hold such shares in trust for the benefit of such children and to keep the same invested in such securities as to the said executor should seem best.

Now, it is clear, having in view the previous provision of this will, that the testator intended to give to his executors a discretion in regard to investments, and that he did not intend to confine them to court securities. He expressly authorizes them to hold the securities which they found belonging to the estate, and, in language as broad as language can be, he gave them a discretion in regard to investment. The case is in no way like the case of *King* v. *Talbot* (40 N. Y. 76). The language of the testator in that case, after giving certain sums to his children, to be paid to them with all accumulations of interest thereon at their majority and appointing executors, was: Intrusting to their "discretion" "the settlement of my affairs and the investment of my estate for the benefit of my heirs,"

clearly nothing more than an expression of confidence in his executors that they would, according to law, settle his estate and invest the proceeds thereof for the benefit of the heirs, having no reference whatever to the nature of the securities in which the investments should be made — a provision totally different from that contained in the will at bar.

In the case at bar it is apparent that the testator intended to give his executors a discretion as to the securities in which the investments should be kept or made and also to give them power to apply principal as well as income to the needs of their *cestuis que trust*. In the case of *Baud* v. *Fardell* (7 De G., M. & G. 628) the testator directed his executor and executrix to invest his residuary estate upon government or some other good and sufficient security. The executrix, who was also the tenant for life, allowed a sum of navy five per cents, standing in the testator's name at his death, to remain in its then state and received the dividends up to her death, more than thirty years. During this period the navy five per cents were repeatedly converted by act of Parliament so that at her death they were worth much less than consols which might have been purchased with the sum arising from their sale within a year after the testator's death. It was held that, in the absence of any evidence of unfairness or unreasonableness, the wife, having by the will a discretion as to the mode of investment, was not liable for a breach of trust in not having sold the five per cents. In the case cited the discretion in regard to investment was certainly no broader than that contained in the will under consideration.

While a trustee must be held to great strictness in the performance of his duties in regard to investments, yet where, as in the case at bar, it is conceded that his investments were perfectly proper investments if he had discretion in respect to the same, and a reasonable construction of the powers conferred upon him by the will gives him such discretion, he should receive the benefit of the care and prudence with which he has administered the estate, and not be mulcted in damages when the whole estate has been administered so as to result in a profit, because certain of the investments may not have turned out as well as had been anticipated.

In the case at bar we think that, upon considering the whole will and the powers intended to be conferred upon the executor, no

other conclusion can be arrived at than that it was the intention of the testator to give him a discretion in regard to investments, and the evidence shows that such discretion was not abused.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide event.

PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.