(38 App. Div. 99.)

### DUNCKLEE v. BUTLER et al.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

1. WILLS—PERPETUITIES—SUSPENSION OF POWER OF ALIENATION.

A testator, after leaving property in trust for his four minor children, provided that, if any one of them should die before reaching majority, "said residue shall be held in trust as aforesaid for the benefit of the survivors of them, and administered as above provided, only the number of parts into which said residue shall be divided shall be equal to the number of children then living." *Held* to apply to the death of a child during testator's life, and therefore not an invalid suspension of the power of alienation.

2. SAME.

A testator left his estate in trust, to be divided into four parts; the incomes to be paid to his four children, and after their death the principal to be paid to their issue. He also provided that if any of them should die, leaving no issue, her portion should "be added to the portions of my estate held in trust for the benefit of my other children then living,—an equal amount thereof to each ·portion." *Held*, that the latter provision, while valid as applied to the death of the first child, was, as to subsequent deaths, an invalid suspension of the power of alienation beyond the continuance of two lives.

3. SAME—EFFECT OF INVALID PROVISIONS.

A testator left his property in trust, the principal to be divided into four equal parts, and the incomes to be applied, respectively, to the support of his four children until they reached the age of 21 years, after which the income of each part was to be paid to the legatee during life, and, after the death of any one, the principal of her portion to be paid to her issue. *Held*, that such provisions were separable from, and would not be invalidated by, a subsequent clause in the will suspending the power of alienation by providing that, if any child should die without issue, her portion should be added, in equal amounts, to the portions held in trust for the others.

4. SAME.

Where certain separable provisions in a will in regard to portions of testator's estate are invalid, as suspending the power of alienation, he dies intestate as to such portions, and his widow is entitled to her statutory interest therein.

5. SAME—ACCUMULATION OF INCOME.

A will leaving portions of an estate in trust for testator's children, and providing that the trustees shall apply the incomes to their support during their minority, but making no direction as to the portion of such

incomes which might be unused during such times, is not invalid as an accumulation of incomes.

6. SAME.

> . A testator left a portion of his estate in trust for his infant son, the income to be used for his support until he became of age, then $5,000 of the principal and the income on the remainder to be paid him, and $10,000 of the principal to be paid him when he reached the age of 25 years, and the balance when he reached the age of 30 years. It was also provided that, if he died without issue, his share, "or any unexpended portion thereof," should be added to the shares of the other legatees. *Held,* that the "unexpended portion" referred to the principal, and the will was not invalid as an accumulation of income.

Appeal from special term, New York county.

Action by Charles T. Duncklee, as executor and trustee, against Francella Butler and others. Judgment for plaintiff (56 N. Y. Supp. 329), and defendants appeal. Modified and affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. W. Truslow, for infant appellants.

Otto C. Wierum, Jr., for appellant Butler.

C. H. Phelps, for appellant Francella Butler.

Albert Stickney, for respondent.

VAN BRUNT, P. J. This action was brought for the construction of the will of John G. Butler, deceased. The clauses of the will which give rise to the questions involved are the third and fourth. They are as follows:

"Third. I give and bequeath to Charles T. Duncklee the sum of twenty-five thousand dollars, but in trust, nevertheless, to hold, manage, and dispose of as follows: He shall keep said sum invested in good, sound, dividend-paying securities, and pay over the net income thereof semiannually to my said wife during her life; and upon her decease said sum shall become a part of my residuary estate, and be disposed of under article fourth of this my will.

"Fourth. I give and bequeath to Charles T. Duncklee aforesaid all the residue of my estate, real and personal, but in trust, nevertheless, to be held, managed, and disposed of as follows, viz.: He shall divide said residue of my estate into four equal parts, keep the same invested in good, sound, dividend-paying securities, and apply so much of the income thereof as may be necessary to the support and education of my children, Blanch Jane Butler, Ethel Cole Butler, Maude Duncklee Butler, and John G. Butler, Junior, during their minority, but with this proviso: That, as soon as each one of my daughters shall arrive at the age of twenty-one years, said trustee shall pay over to such one so arriving at the age of twenty-one years the net income semiannually thereafter of one of said equal fourth parts of my said estate during her life, and upon her death shall pay over the principal thereof to her issue, if any; but if she shall die, leaving no issue living at the time of her death, then said one-fourth part of my estate shall be added to the portions of my estate held in trust for the benefit of my other children then living,—an equal amount thereof to each portion. Should any of my said children die before arriving at the age of twenty-one years, said residue shall be held in trust as aforesaid for the benefit of the survivors of them, and administered as above provided,—only the number of parts into which said residue shall be divided shall be equal to the number of children then living.

"When my son, John G. Butler, Junior, shall be twenty-one years of age, said trustee shall pay to him, out of one of the portions of said residue of my estate, the sum of five thousand dollars; and he shall pay the income of the

remainder of such portion semiannually to my said son until he reaches the age of twenty-five years, when he shall pay to my said son the sum of ten thousand dollars; and he shall pay the income of the remainder of said portion to my said son semiannually until he reaches the age of thirty years, when all the remainder of such portion shall be paid over to him. Should my said son die before reaching the age of thirty years, leaving issue, said trustee shall pay over to such issue all of said portion or part of said trust estate then remaining in his hands; but should my said son die, leaving no issue, then said part of said trust estate, or any unexpended portion thereof, shall be added to the portions held in trust by said trustee for the benefit of my other children then living,—an equal amount thereof to each portion.

"Should all of my said children die before arriving at the age of twenty-one years, leaving no issue living at the time of their respective deaths, then said trustee shall pay over all said trust estate to the children of my brother James S. Butler and the children of my sister Betsey Jane Brown, or their heirs, in equal shares, per stirpes."

It is claimed upon the part of the appellants that, from the provisions of the will, it is evident that the testator attempted to, and did, create trusts suspending the power of alienation of his real property, and suspending ownership of his personal property, for periods longer than those permitted by the statute, and that he also directed accumulations of income to be added to, and to become a part of, the trusts created, and that the trusts under the will are so interwoven that they cannot be severed and separated,—the unlawful cut off from the lawful, and the lawful permitted to stand. Upon an examination of the provisions of the will, it is evident that there are attempted to be created trusts in certain portions of the estate of the testator which are in contravention of the statute. But it seems to us that it is possible to carry out the intention of the testator so far as it is lawful, and to sever those provisions which are in contravention of the statutes without in any respect infringing upon the intention of the testator in regard to those portions of the will which come within the provisions of the law. And in the determination of these questions, it seems to be important to consider the last clause of the first paragraph of the fourth subdivision of the will. This clause is as follows:

"Should any of my said children die before arriving at the age of twenty-one years, said residue shall be held in trust as aforesaid for the benefit of the survivors of them, and administered as above provided,—only the number of parts into which said residue shall be divided shall be equal to the number of children then living."

It seems to be apparent that the provisions of this clause were intended to apply to the death of a child during the lifetime of the testator, because the direction of the will in that event is in respect to the "said residue," which residue was that portion of his estate remaining after the payment of his debts and legacies; referring, therefore, to the whole of the residue, and not to any particular portion in which any one of his children had had an interest.

At the time of his death the testator left his widow, three daughters, and one son, all of which children were minors. By the fourth subdivision of the will the testator bequeathed to his executor all the residue of his estate in trust, to divide the same into four equal portions, and to keep the same invested, and to apply so much of the income as might be necessary to the support and education of his

said four children during their minority, with the further provision that, as soon as each one of his daughters should arrive at the age of 21 years, the trustee should pay over to the one so arrived at the age of 21 years the net income semiannually of one of said equal fourth parts of his estate during her life; and upon her death the trustee was directed to pay the principal thereof to her issue. But if she should die, leaving no issue living at the time of her death, then the testator directed that said one-fourth part of his estate should be added to the portions of his estate held in trust for the benefit of his other children then living,—an equal amount thereof to each portion. It is apparent that this clause, so far as it directs a division of the estate into four parts, the application of so much of the income as might be necessary for the support and education of his daughters during minority, and the payment of the total income after majority, and in the case of the death of any one of his daughters leaving issue, the payment over of the principal of her share to such issue, comes within the provisions of the statute; and it is only the subsequent clause, having reference to the death of a daughter without issue, which in any way contravenes the statute. That clause provides that said one-fourth part of his estate should be added to the portions of his estate held in trust for the benefit of his other children then living,—an equal amount thereof to each portion. This provision upon the death of the daughter first dying without issue could be legally complied with, because the limitation would only be during the continuance of two lives. But, upon the death of another daughter without issue, no further limitation could legally be placed upon any portion of the share which had originally been set off to the daughter who had first died without issue; and, if this provision is severed from the other trust, then the testator in that event would have died intestate as to that portion of his estate. This same ruling applies to the portion of the daughter subsequently dying. It is apparent that these trusts are separable, and that the illegal portion can be separated from the legal, and the intentions of the testator carried out, so far as they are lawful, without in any respect doing violence to his expressed will. He had a complete scheme in reference to the shares of his daughters as long as they should be living. He makes a legal disposition of such shares in case they should die, leaving issue; and it is only after two daughters have died without issue that there is any transgression of the law in respect to the suspension of alienation, and that only as to a portion of the residue. It is a well-settled principle of construction that the intentions of a testator must be carried out, as far as possible; and it is only where illegal trusts are so interwoven with those which are legal that the illegal cannot be severed without affecting the intention of the testator as to the others that the whole trust will be declared void. In the case at bar, as before stated, it appears that the intentions of the testator, so far as they are legal, are separate and distinct from the subsequent provisions in which the illegality arises. What has already been said with regard to the shares of the daughters applies also to the provisions in regard to the share of the son.

In respect to the claim that there is an unlawful accumulation of

income, we fail to find any provision of the will which directs any such accumulation. There is a provision that, as long as the children are under age, the trustees shall apply so much of the income as may be necessary to their support and education. But there is no direction as to what shall be done with the income which shall have accumulated during the minority of the infants. That, under the statute, would go to the person entitled to the next eventual estate. In reference to the additions provided for in case of the death of a son or daughter without issue at the times mentioned in the will, such additions are confined to the principal of the various portions, and have no reference whatever to the accumulations of income. This is manifest in respect to the daughters, and the only provision in the will as to the son's share which gives any coloring to the contention that surplus income is attempted to be included with the principal of any of the portions, is found in the provision:

"Should my said son die, leaving no issue, the said part of said trust estate, or any unexpended portion thereof, shall be added to the portions held in trust by said trustee for the benefit of my other children then living,—an equal amount thereof to each portion."

Now, it is plain that "the said part of my trust estate" was the share of his son, and the "unexpended portion thereof" was that part of the principal which should remain after the payment of $5,000 when he became 21, and $10,000 when he became 25.

The only other portion of the will necessary to consider is the third clause, which gives and bequeaths to his executor, in trust, $25,000, the net income to be paid to his wife during her life, and which directs that upon her decease said sum should become a part of his residuary estate, and be disposed of under article 4 of the will. It is apparent that no limitation upon such portion could legally be placed, except for the life of each child, and that upon the death of any child, leaving issue, his or her interest in the $25,000 would go to the issue, by the provisions of the will; and, if she left no issue, the directions of the will as to its further disposition were in contravention of the statute, and the testator died intestate in respect thereto.

There is an appeal, also, by the widow, upon the ground that her interests are not properly protected by the decree. It is evident that, as far as the testator died intestate, the widow would be entitled to her interest as provided by statute.

The judgment appealed from should therefore be modified so as to conform to the views expressed in the foregoing opinion, and as modified affirmed, with costs to all parties to be paid out of the estate. All concur.