(30 Misc. Rep. 58.)

DUNCKLEE v. BUTLER et al.

(Supreme Court, Special Term, New York County. December, 1899.)

1. TRUSTS—INVESTMENT—DISCRETION.

> Where testator invested his personal estate in high-class, dividend-paying securities, and directed his executor and trustee to keep his estate invested in good, sound, dividend-paying securities, and to invest and reinvest the estate at his discretion, such executor and trustee was authorized to retain such securities and reinvest in similar securities at discretion.

2. WILLS—DISTRIBUTION.
    Where testator gave his widow one-third of the income of his real
estate for life, in addition to dower, she was only entitled to the income
of two-ninths of testator's real estate in addition to it.

Action by Charles T. Duncklee, as executor and trustee, etc., of
John G. Butler, deceased, against Francella Butler and others, for
the construction of a will.

Albert Stickney and Samuel H. Ordway, for plaintiff.

Charles Henry Phelps and Joseph A. Thompson, for defendants
Francella Butler and another.

Charles W. Truslow, guardian ad litem.

RUSSELL, J. Two questions now of importance for the action of
the executor and trustee were not specifically presented or decided
in the judgment construing the will of the deceased. The case is
reported in 38 App. Div. 99, 56 N. Y. Supp. 491, and at the special
term in 25 Misc. Rep. 680, 56 N. Y. Supp. 329.

The third section of the will is as follows:

"I give and bequeath to Charles T. Duncklee the sum of twenty-five thou-
sand dollars, but in trust, nevertheless, to hold, manage, and dispose of as
follows: He shall keep said sum invested in good, sound, dividend-paying
securities, and pay over the net income," etc.

The fourth section is as follows:

"I give and bequeath to Charles T. Duncklee, aforesaid, all of the residue
of my estate, real and personal, but in trust, nevertheless, to be held, managed,
and disposed of as follows, viz.: He shall divide said residue of my estate
into four equal parts, keep the same invested in good, sound, dividend-
paying securities, and apply so much of the income thereof as may be neces-
sary. * * * Said executor and trustee * * * may also invest and re-
invest the trust estate at his own discretion."

As the personal estate approximates $1,000,000, it is important
for the executor and trustee to know whether he shall be confined
in his investments to government bonds and real-estate securities.
The testator was a careful, practical business man, and had accu-
mulated a large personal fortune, and invested the same himself in
high-class securities, which passed to the executor and trustee upon
the probate of the will. May that executor and trustee still retain
the securities found by him as the investments deliberately chosen
by the testator, and, as those securities should be replaced by other
securities, reinvest in those of similar character and standing, sub-
ject always to the exercise of a prudent discretion and good busi-
ness judgment, or must he convert the whole body of the personal
property into cash, and purchase therewith government bonds, or
invest the money in real-estate mortgages? As the trust continues
for a possibly long period of time, the executor wisely desires the
construction of the courts as to his trust duties. It is conceded that
no criticism can be made upon the present class of securities in the
hands of the executor, and I do not find any serious objection by
any party interested to the continuance of such investments. But
the duties of the executor and trustee are to be performed, not only
in fair weather, but through days of financial gloom, so that it is
proper for him to know the general rule for his guidance.

The English rule, in the absence of definite instructions to the contrary, usually confines trustees to real-estate securities and government bonds. That rule, however, has never been fully adopted in this state. In the earlier days of its judicial history, it was held that the trustee may allow a surviving partner to retain and sell the assets of the partnership (Thompson v. Brown, 4 Johns. Ch. 619), and where he found an indebtedness against a manufacturing company, represented by notes, he might reinvest that amount in another manufacturing company (Brown v. Campbell, 1 Hopk. Ch. 233). But in the leading case of King v. Talbot, 40 N. Y. 76, the court of appeals announced the rule that a trustee who receives cash must invest in safe securities. The further question was considered as to whether the English rule should be adopted as to investment in government bonds and real-estate securities alone; four judges pronouncing in favor of that rule, and three dissenting. It has, however, been always deemed important to obtain any light which may be thrown by the will itself, as to the intention of the testator, upon the character of the investments he desired for his estate. Hogan v. De Peyster, 20 Barb. 100. And, if the will impliedly allows investments in other than court securities, the executor may so act, and a reference may be had for his guidance to the securities owned by the testator. Lawton v. Lawton, 35 App. Div. 389, 54 N. Y. Supp. 760. The testator selects for his trustee and executor a person in whose business judgment he has entire confidence. He therefore knows, so far as any one can know, that any discretion intrusted to such a person will be properly used. He would not ask that a stricter rule should obtain than he exercised for himself, where the investments are simply designed for dividend-paying capacity as well as security, and there is no implication or expectation of the estate being otherwise involved or concerned in business transactions. The testator undoubtedly desired a fair rate of income for the beneficiaries, and well knew that the highest class or court securities could afford but a small yearly return. The language used by his testator, considered with his own conduct in the manner of investments, affords a conclusive interpretation as to his intent; and, therefore, under the proper construction of the will, the executor and trustee may retain the safe investments now in his hands, and, as a necessary corollary, may reinvest, as necessity compels, in similar securities, using always the fair business discretion which the law requires.

The remaining question to be considered is as to the widow's income from the real estate. By the second clause of the will the testator gave his widow the "use and improvement" of one-third of all the real estate of which he died seised or possessed during her life. The judgment at special term adjudged that the widow was entitled to dower in all the real estate of which the testator died seised and possessed, including the Massachusetts real estate, in addition to the provision for her benefit contained in the will. The widow now contends that this practically divides the real estate into thirds, so far as her life use is affected; that she gets by her dower right the use of one-third, and by the provision of the will

another third,—making two-thirds of the whole income from the real estate. The other parties urge that her use under the will is only as to one-third of the real estate left after the dower is taken out. In many respects the dower interest of the widow differs from that of any other life estate. Before the death of the husband, it is an inchoate right, depending upon the estate of the husband himself. After his death an admeasurement of dower must be had, before she has any exclusive use of any portion. These qualifications, however, pertain to the protective reasons for the creation of the estate, and, in substance, her interest is a life estate for her exclusive use and possession in one-third of the realty of which her husband was seised during coverture. That right was independent of the will of the husband. He could not alienate or terminate it. He could not devise it, and therefore the instant he died the inchoate became consummate, and that same instant the real estate which passed to his trustee or heirs or devisees was diminished to the extent of the use of one third to the widow. Hence the life use which he could control was only of two-thirds, and of that his will speaks. It is not to be supposed that he gives to the wife or any other beneficiary the income from property not his own, and from which his estate receives no income. For the practical construction of this will, it must be held that the widow's dower interest is practically the same as a life estate of another person in one-third of the realty. She therefore has, besides the dower interest, the use of two-ninths of the real estate.

Judgment may be entered in accordance with these views. Judgment accordingly.