## In re HALL et al.

(Supreme Court, Appellate Division, .Second Department. March 6, 1900.)

**TRUST FUNDS—INVESTMENTS—SPECULATIVE ENTERPRISES.**

A clause of a will authorizing trustees to reinvest the proceeds of sales of property "in any security, real or personal, which they may deem to be for the benefit of my estate, and calculated to carry out· the intention of this my will," does not authorize the trustees to invest in the debenture stock of a speculative trust combination.

Appeal from surrogate's court, New York county.

In the matter of the settlement of the accounts of Albert C. Hall and Thomas G. Ritch as trustees under the last will and testament of Alvah Hall, deceased. From an order adjudging an investment of trust funds to .have been illegal and unauthorized, the trustees appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

C. N. Bovee, Jr., for appellants.

George H. Adams and Bernard J. Tinney, special guardian, for respondents.

WILLARD BARTLETT, J. The seventh numbered paragraph of the will of Alvah Hall authorized his executors and trustees to grant, bargain, sell, and to convey all or any part of his estate, real and personal, on such terms and in such manner and at such times as they should deem best, and to improve, mortgage, lease, or do any other acts in relation to the testator's property, either real or personal, provided that, in the judgment of said executors and trustees, such sale or other act should be for the benefit of the estate. The paragraph concluded with these words:

"And I hereby give my said executors and trustees hereinafter named full power to reinvest the proceeds of such sale or other act as aforesaid in any security, real or personal, which they may deem to be for the benefit of my estate, and calculated to carry out the intention of this, my will."

Assuming to act under the authority conferred upon them by the clause which I have quoted, the appellants on August 15, 1892, invested $25,000 of moneys belonging to the trust estate in debenture stock of a corporation known as the "Umbrella Company," which had then just been organized. It clearly appears from the evidence that this corporation was a combination constituting what is now commonly called a "trust." Although in one part of his testimony Mr. Albert C. Hall declares that it was not a trust, he speaks of it elsewhere as the "Umbrella Trust." "The Umbrella Trust," he says, "consisted of eleven firms organized, under the laws of the state of New York, into a corporation doing business in New York City, Boston, Philadelphia, and Lancaster, Pennsylvania." In another place he says, "I went into the trust," and he tells us that he took $85,000 of the debentures himself. The total· issue of debenture stock ·amounted to $1,092,000. The trustees did not subscribe directly for the $25,000 of this debenture stock which they obtained, but they acquired it from two concerns that went out of the um-

brella business at the time the trust was formed. Mr. Hall testifies that he succeeded in getting some of the stock from these different persons. It is plain enough, however, from his testimony, taken as a whole, that the trustees, in making this investment of $25,000 of the trust estate, were virtually subscribing that amount to the enterprise by which the combination known as the "Umbrella Trust" proposed to control the umbrella manufacturing business in this country, or this part of the country.

I agree with the learned counsel for the appellants that the seventh clause of Alvah Hall's will confers upon his executors and trustees the power to invest the funds of the trust estate in securities other than those ordinarily approved as trust investments, under the authority of King v. Talbot, 40 N. Y. 76. The power here seems to be as broad as that which was considered by the appellate division, in the First department, in the case of Lawton v. Lawton, 35 App. Div. 389, 54 N. Y. Supp. 760; but in the Lawton Case it was conceded that the investments by the trustee were perfectly proper investments, if the will conferred upon him a discretionary power to invest outside the ordinarily approved securities. See opinion of Van Brunt, P. J., at foot of page 395, 35 App. Div., and page 760, 54 N. Y. Supp. In the present case no such concession is made, nor do I see how it properly could be made. Here the money of the estate, part of which belonged to infants, was really embarked in a business enterprise of a novel character, involving great risk, as was shown by the collapse of the umbrella trust after a life of only two years. It seems to me a misuse of language to apply the term "securities" to the debenture stock which was issued to the appellants as evidence that they had put the money of their cestui que trust into this enterprise. The transaction was in no true sense an investment in any security, as contemplated by the seventh paragraph of the will, but was really a contribution of the money of the estate to be used as capital in a risky industrial undertaking. If the testator had desired his money to be kept in the umbrella business which he had carried on under the name of Alvah Hall & Co. during his lifetime, he would hardly have directed, by the sixth numbered paragraph of his will, that said business should be closed on the 1st day of July or the 1st day of January immediately following his decease. "The employment by trustees of the property or credit of an infant in trade, or in the prosecution of manufacturing or speculative enterprises, has been uniformly condemned as illegal." Warren v. Bank, 157 N. Y. 259, 268, 51 N. E. 1038, 43 L. R. A. 260. Giving the broadest possible construction which its language will justify to the seventh clause of the will in this case, it does not, in my judgment, contemplate or authorize such a use of the money of the estate as was made by these appellants when they put $25,000 of that money into the umbrella trust. For these reasons, I think that the decree of the surrogate was right, and advise that it be affirmed.

Decree of the surrogate's court of New York county affirmed, with costs to the special guardian, and costs to the other respondents represented on the argument by George H. Adams. All concur.