---

(54 Misc. Rep. 187)

### In re HAWK'S ESTATE.

(Surrogate's Court, New York County. April, 1907.)

TRUSTS—INVESTMENTS—SHRINKAGE—LIABILITIES.

    Where a will gives trustees discretion in making investments, and does not require a sinking fund to be created to reimburse principal for premiums paid for securities purchased, they will not be charged with any loss incurred by the shrinkage in value of such securities.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 310.]

Proceedings on the settlement of the accounts of the executors of Samuel Hawk, deceased. Judgment rendered.

Miller, King, Lane & Trafford, for Jay O. Moss, trustee.
Coleridge A. Hart, for William S. Hawk, trustee.
Edward H. Hawke, Jr., special guardian for Henry J. Wahle.
Warren Leslie, special guardian, for objectant.

THOMAS, J. It is evident from the provisions of the will that the testator intended to give his executors and trustees the broadest discretion in making investments, and the purchase and retention of such securities as are disclosed by the account were made within the scope of their authority. Duncklee v. Butler, 30 Misc. Rep. 58, 62 N. Y, Supp. 921; Lawton v. Lawton, 35 App. Div. 389, 54 N. Y. Supp. 760; Matter of Hall, 164 N. Y. 196, 58 N. E. 11. They will not be charged with any loss incurred by reason of shrinkage in value of any of the securities. The will does not impose upon them the duty of providing a sinking fund to reimburse principal for premiums paid in the purchase of other securities, and it is fairly to be inferred from the provisions for the benefit of the life beneficiaries that it was the testator's intention that they should receive the income, subject to the deduction of only the ordinary expenses of administration and of the trust.

Notice costs for taxation, and settle decision and decree on notice.