In the Matter of the Judicial Settlement of the Account of Proceedings of BANKERS TRUST COMPANY, as Executor of and Trustee under the Last Will and Testament of MARY B. LEONARD, Deceased.

Surrogate's Court, Westchester County, May, 1922.

Trusts — right of testamentary trustee to keep fund invested in securities owned by testatrix at time of her death — reinvestments — construction of powers granted by will.

Where a testatrix who at the time of her death was the owner of certain securities which though seasoned investments were not legal investments under the law of New York, gave the same to her executor and trustee in trust with direction to " divide the same into as many separate equal shares or portions as I may leave daughters surviving me; to collect the income, interest and profits of each of said shares or portions; to keep the principal thereof invested so as to bring in the largest income compatible with reasonable safety of the principal and to pay over the net income thereof semi-annually as follows," the executor and trustee was authorized to retain in the trust said securities and to invest and reinvest the proceeds of any sales of property held in the trust in securities which are not prescribed as legal trust investments, subject, however, at all times to the rule that he must employ such vigilance and diligence as prudent men of discretion and intelligence employ in like manner in their own affairs, and the trustee makes any other character of investment at his peril.

The words of direction " with reasonable safety of the principal " and " largest income compatible " clearly grant discretion to the trustee as to investments and take the case out of the zone of investments declared by section 111 of the Decedent Estate Law to be absolutely safe investments.

PROCEEDING for settlement of accounts and construction of a will.

*White & Case,* for executor and trustee.

SLATER, S.   The executors have asked for a construction of the 2d paragraph of article 12 of the will, which paragraph reads as follows:

" To divide the same into as many separate equal shares or portions as I may leave daughters surviving me; to collect the income, interest and profits of each of said shares or portions; to keep the principal thereof invested so as to bring in the largest income compatible with reasonable safety of the principal and to pay over the net income thereof semi-annually as follows: "

Two questions are raised concerning the duty of the executor and trustee: Is the executor and trustee authorized to retain in the trust established by the testatrix securities which she owned at the time of her death, although such securities are not of the character prescribed as legal investments of the state of New York?   Is the executor authorized to invest and reinvest the proceeds of any sales of property held in said trust in securities which are not prescribed as legal trust investments?

Section 111 of the Decedent Estate Law relates to investment of trust funds and sets forth the character of investments in which an executor or trustee may invest.   Banking Law (Laws of 1914, chap. 369), § 239.   Any other investments would be a breach of duty unless the will gives discretion to the executor or trustee.   *King* v. *Talbot,* 40 N. Y. 76; *National Surety Co.* v. *Manhattan Mortgage Co.,* 185 App. Div. 733.   The court must consider and decide whether the testatrix had an intention of giving discretion to the trustee over the investments of the principal of the trust.   In *Matter of Hall,* 164 N. Y. 196, the court in its opinion said: " The range of so-called ' legal securities ' for the investment of trust funds is so narrow in this state that a testator may well be disposed to grant to his executors or trustees greater liberty in placing the funds of the estate.   But such a discretion in the absence of words in the will giving greater authority should not be held to authorize investments of the fund in new, speculative or hazardous ventures."

In *Lawton* v. *Lawton,* 35 App. Div. 389, the will read: " I hereby direct my executors to hold in trust to and for the use and benefit of said child or children, and to keep the same invested in such securities as to the said executors shall seem best."   The court said it was clear from the provisions of the will that the testator intended to give his executors a discretion and not to confine them to court securities.   It distinguished *King* v. *Talbot, supra,* on the ground that in *King* v. *Talbot,* the will showed no intention to

give a discretion, but the words relied upon were a mere expression of confidence in the trustees. An important case upon the subject is *Matter of McDowell*, 102 Misc. Rep. 275. The will provided that the trustees shall " hold, manage, invest and reinvest all of said trust property as they shall deem wise and judicious and for the best interests of the beneficiaries." The words of the will do not differ materially from the provision in the instant case. Upon an accounting, the court examined the investments and found as a matter of fact that some of them did not conform to the character of investments owned by the testator at the time of his death, and were, therefore, illegal. The case was affirmed. 193 App. Div. 914; 230 N. Y. 601. In *Duncklee* v. *Butler*, 30 Misc. Rep. 58, the direction in the will was: " He shall keep said sum invested in good, sound, dividend-paying securities, and pay over the net income," etc. The court was called upon to decide in what securities the trustee could invest in the light of the direction in the will. The court said it was clear that the testator desired a fair rate of income for the beneficiaries and that he well knew that the highest class of court securities could afford but a small yearly return. That the trustee may retain the safe investments now in his hands and as a necessary corollary may reinvest as necessity compels in similar securities using always the fair business discretion which the law requires * * *. And if the will implicitly allows investments in other than court securities, the executor may so act and a reference may be had for his guidance to the securities owned by the testator. *Matter of vom Saal*, 82 Misc. Rep. 531.

It seems to the court that the words " with reasonable safety of the principal " and " largest income compatible " clearly grant discretion to the trustee as to investments, and take it out of the zone of investments declared by law (Decedent Estate Law, § 111) to be absolutely safe investments. The word " income " means annual receipts from property. The word " reasonable " means rational according to the dictates of reason and not excessive or immoderate. The testator undoubtedly had in mind, and it was his desire to have the trustees secure a greater amount of income than would flow from investments in court securities, because he asked them to bring into the trust the largest income compatible with reasonable safety, with rational safety, the safety that a prudent man would use in the conduct of his own affairs.

The petition herein sets forth the character of securities left by the decedent. Apparently, they are seasoned investments for the reason that the companies have been doing business for a long period of time. The discretion herein would not give the trustees the

right to invest in new ventures, speculative ventures, or non-seasoned securities, or securities that are amply assured to yield no income. The test of any investment of non-court securities is whether they have borne the stress of time, pay dividends and are good and reliable, and by their successful conduct over a long period of time, had achieved a standing in commercial circles. The rule excludes all speculation, all investments for an uncertain and doubtful rise in the market. The test is the security of the principal. There is a difference between investments and speculation, the former being for the purpose of securing an income, while the latter is for the purpose of increasing the estate. *Matter of Hirsch,* 116 App. Div. 367. The rule is well stated in *Matter of Hall, supra.* Therefore, the trustee vested with discretion must employ vigilance, diligence and prudence as exercised in general, and as prudent men of discretion and intelligence employ in like manner in their own affairs. Any other character of investment is made at the peril of the trustee.

The burden of purchasing securities for trust funds is one thing. The exercise of diligence and prudence in declining market is another burden cast upon the trustee. *Villard* v. *Villard,* 219 N. Y. 482, 498; *Matter of Jarvis,* 110 Misc. Rep. 5; *Matter of United States Trust Co.,* 189 App. Div. 75.

Every will, in conformity, of course, to the several rules of construction, must be determined by the intention of the testator. *Furniss* v. *Cruikshank,* 191 App. Div. 450, 465. Measured by the standard, I must hold that a proper construction of the paragraph in question permits the trustee to hold the securities owned by the testatrix at her death and to invest and reinvest the proceeds of sales of property held in said trust in securities which are not prescribed as legal trust investments, subject, however, at all times to the requirements laid down in this opinion.

Decreed accordingly.