In the Matter of the Construction of the Last Will and Testament, upon the Request of the Trustee, Prior to the Judicial Settlement of the Account of Proceedings of LEAVITT MERSEREAU and Another, as Executors, etc., of FRANK M. LEAVITT, Deceased.

Surrogate's Court, Westchester County, June 25, 1929.

*Cullen & Dykman*, for the trustee.

*Wise, Whitney & Parker*, for the executors.

SLATER, S. Upon this accounting the Brooklyn Trust Company, as trustee of two trusts constituting the residuary estate, has asked for a construction of the 10th paragraph of the will, which is as follows: " I hereby empower my said Trustee by and with the written consent of any one of my said Executors, if in their judgment it be for the best interest and conservation of my said Estate, from time to time to sell or otherwise dispose of any of the principal or corpus of my said Trust Estate and to reinvest the proceeds of such sale or disposition in other income bearing securities as they may select as being reasonably safe for the investment of trust funds."

The questions submitted relate to the rights, powers and duties of the trustee, and they are five in number, as follows:

1. Has the trustee the power to retain, as a part of the trust funds, securities and investments of which the testator died possessed?

2. Can the trustee reinvest only with the consent of one of the decedent's executors?

3. Must such consent be in writing?

4. Has the trustee discretionary power of reinvestment?

5. Can the trustee sell the testator's investments and make reinvestments without further consent in the event that both of the decedent's executors die during the term of the trusts?

As to the first question: The court is of the opinion that the trustee has clearly by implication the right to retain the testator's investments. Discretion is lodged with the trustee to sell the securities when it shall be for the best interest and conservation of the estate. It follows that the right of retention of securities is implied and the court will hold that the trustee has the power to retain such investments until in its judgment and that of one of the executors the same should be sold or disposed of.

With regard to the second question: The power of the trustee from time to time to sell and otherwise dispose of the principal and to reinvest is interwoven with the written consent of any one of the executors. It is the testator's method of creating a

safety valve. As there are two executors at the present time, either one must give assent.

As to the third question: Written consent by an executor is required and should be obtained upon the sale of any of the securities of the trust. This relates to reinvestments. A clear reading of the 10th paragraph indicates that the power of the trustee is predicated upon the consent of an executor to a sale and a reinvestment of the proceeds of such sale. The written consent of one executor is necessary, in the court's opinion.

As to the fourth question: It is my opinion that the trustee is not limited to statutory investments and may with the consent of one executor reinvest in similar investments of the stocks owned by the decedent at his death. There is a lodgment of discretion in the trustee to reinvest the proceeds of sale in other income-bearing securities " *as they may select* as being reasonably safe." The trustee's discretion should be guided in the matter of reinvestments of securities with reference to the type of investment found in the decedent's estate at the time he died. I mean by this — securities that are seasoned and have behind them an established dividend record over a period of years. The trustees will be charged in administration with the usual rule of vigilance, that is, such diligence and prudence in the care of the estate as in general prudent men of discretion employ in their own like affairs. (*Matter of Leonard*, 118 Misc. 598; *Matter of Maloney*, 120 id. 456; *Matter of Wilmerding*, 135 id. 674.)

As to the fifth question submitted: The question is academic. There is no need for passing upon the question as both executors are still living. It should be left for decision when the two executors have relinquished their duties. The power granted to the trustees is coupled with a required assent of any one of the executors. It may be the functions of the 10th paragraph will be ended with the passing of the executors, so that the trustee is left subject to the direction of the law with regard to investments.