Edgar J. Nathan, Jr., J.
This is a proceeding for construction of trust provisions under a will.
The decedent died a resident of Rhode Island where his will Avas probated. Under the trust created by this will, the petitioner became a successor trustee, and is now sole surviving trustee. The will contained the following provision in Article fourteenth, the construction of which is here sought: “ I further authorize my executors, until my estate be settled, and the trustees named herein, to keep any estate or property in their hands, so far as it may consist of personal estate, duly and securely invested from time to time, so far as may be, in good income-paying securities, authorizing them, in their discretion, to retain any securities which I may leave at the time of my death, and to invest in any approved bonds or preferred stocks of railway corporations of the United States or of any company incorporated in any State, in addition to any securities authorized by law in the States of Rhode Island, New York or Massachusetts, or in approved real estate, or in the obligations of corporations which to them, in the exercise of a wise and prudent discretion, may seem safe and desirable, with reasonable regard to the security of the principal, notAvithstanding that such securities may not be of the description of investments allowed to trustees in either the States of Rhode Island or New York, and no trustee shall be liable for any loss made except for his gross neglect.”
Both the petitioner and the beneficiaries seek a construction permitting the trustee to invest in all forms of securities, including common stocks in its discretion, Avithout being subject to the restrictions imposed by section 21 (subd. 1, par. [m], cl. [1]) of the New York Personal Property Law.
With this contention the court agrees. It is elementary that the New York courts have jurisdiction to make this determination and that investments could be made pursuant to the laAvs *522 of this State. Among other things, the will so provides, the corpus of the trust is in New York, as is the sole trustee (Decedent Estate Law, § 47; Matter of Ryan, 178 Misc. 1007, affd. 265 App. Div. 1051).
The term “ securities ” as used in Article fourteenth of the will may be construed to include not only secured obligations but also investments in all classes of stock, including common stock (Rosenthal v. Brown, 247 N. Y. 479; Restatement, Trusts [2d], § 227, comment u). The provisions of Article fourteenth of the will are clear indication that the petitioner is not limited in making its investments to the ratio permissible under section 21 (subd. 1, par. [m], cl. [1]) of the Personal Property Law (Personal Property Law, § 21, subd. 1, par. [n]; Matter of Budd, 107 N. Y. S. 2d 971; Matter of Leonard, 118 Misc. 598). Allowances for this proceeding will be determined upon the settlement of the order herein.