**NATIONAL AUDUBON SOCIETY, INC.,**
**a corporation, Plaintiff-Appellee,**

**v.**

**Maclean MARSHALL, Individually, and**
**as Trustee, Defendant-Appellant.**

**No. 28400.**

United States Court of Appeals,
Fifth Circuit.

April 9, 1970.

---

Dan E. McConaughey, Decatur, Ga., Dudley B. Magruder, Jr., Rogers, Magruder & Hoyt, Rome, Ga., for defendant-appellant.

Gambrell & Mobley, David H. Gambrell, Robert D. Feagin, III, Atlanta, Ga., for plaintiff-appellee.

Before SIMPSON, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellee (Audubon) brought this diversity action below for declaratory judgment under Title 28, U.S.C., Sections 2201–02, for construction of one section of a will under which Audubon claimed it and Marshall were remaindermen of a trust created by the will. Both parties moved for summary judgment and the district court granted the motion of the appellee, Audubon, for reasons exemplified in its unpublished opinion, attached here as an appendix. We are convinced that the case was correctly decided below for the correct reasons, and adopt the opinion of the district judge.

Affirmed.

## APPENDIX

### ORDER OF THE COURT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Number and Title Omitted)

Filed: July 22, 1969

This is an action for declaratory judgment under 28 U.S.C.A. §§ 2201, 2202. Invoking the jurisdiction of the

Court under 28 U.S.C.A. § 1332(a), plaintiff, National Audubon Society, Inc., alleges diversity of citizenship and the necessary jurisdictional amount.

Plaintiff maintains that it and the defendant are remaindermen under a testamentary trust established by Item 8 of the will of William Audley Marshall; that following the death of the life tenant, an income beneficiary, plaintiff and defendant became entitled to one half each of the appreciated value of the corpus of the trust, and that the defendant as successor trustee has refused to make such distribution. Accordingly, plaintiff prays:

(1) a declaration of the rights and duties of both parties under a proper construction of the will;

(2) declaration that plaintiff is entitled to one half of the appreciated value of the corpus, plus income accumulated since the death of the life tenant;

(3) an accounting;

(4) an order requiring distribution in accordance with the findings of the court, and

(5) any additional appropriate relief.

Defendant answers that he and the plaintiff are not remaindermen under the trust, but only objects of general legacies in the amount of $30,000 each, payable upon termination of the trust at the death of the life tenant. Alternatively, he maintains that even if he and Audubon take as remaindermen, the gifts are limited to $30,000 each by the terms of the trust, with the appreciated value of the corpus passing under the residuary clause of the will. Defendant states that he has accordingly offered distribution of $30,000, which plaintiff refused. He further states that he has at all times been and still is ready, willing and able to make such distribution. Both parties have submitted motions for summary judgment, with supporting briefs and documents.

### JURISDICTION OF THE COURT.

■■ A suit between parties of diverse citizenship, seeking declaration of their rights in a remainder interest devised under a testamentary trust is a civil suit or controversy within the meaning of federal jurisdiction and not a prescribed probate proceeding, where the suit does not attack the will but affirms it, seeking only construction of its terms. Byers v. Byers, 254 F.2d 205 (5th Cir. 1958). The Court of Appeals found the following facts significant: (1) the states of which the parties were citizens had enacted the Uniform Declaratory Judgment Act, and (2) the states also lodged jurisdiction to construe trusts or wills in their courts of general jurisdiction, so that had the parties been litigating in the courts of either state, they would have been in a court of general jurisdiction. Byers v. Byers, *supra*.

Although neither New York nor Georgia have enacted the Uniform Declaratory Judgment Act, both do have statutes authorizing declaratory judgments. New York C.P.L.R. § 3001 et seq., (McKinney); Ga.Code Ann. § 110–1101 et seq. The Georgia Code particularly authorizes actions for declaratory judgment to determine any questions in the administration of wills or trusts, and to direct a trustee to take particular action. Ga.Code Ann. § 110–1107. Brewton v. McLeod, 216 Ga. 686, 119 S.E.2d 105 (1961), however, casts some doubt on whether a complaint such as that herein filed would be held by the Georgia Courts to plead a cause of action for declaratory judgment. In *Brewton*, two devisees under a probated will sought to prevent the executor from selling two houses devised to them. The court held that their petition for declaratory judgment did not state a cause of action under Ga.Code Ann. § 110–1107 read in conjunction with § 110–1101, because the devisees did not allege they were uncertain, insecure, and needed direction before taking some future action. Brewton v. McLeod, 216 Ga. 686, 691, 119 S.E.2d 105 (1961).

However, the court went on to hold that Ga.Code Ann. § 110–1102(a) authorized granting any other relief to which the petition showed the devisees were presently entitled. The prayers of the devisees allowed the petition to be maintained as one for construction of a will with an accounting, and with an injunction to preserve the status quo. *Ibid.* Consequently, this Court deems Georgia's declaratory judgment statute, with the above judicial gloss, sufficient to support federal jurisdiction.

Similarly, both states confer jurisdiction to construe trusts or wills on their courts of general jurisdiction. In New York, the Supreme Court has general jurisdiction in law and equity. New York Const. Art. 6, § 7 (McKinney Supp.1968). New York courts of equity have inherent power under their jurisdiction over trusts to construe wills, to the extent to which trusts are thereby created. 96 C.J.S. Wills § 1075b, n. 30, citing In re Taylor's Will, 29 Misc. 2d 520, 217 N.Y.S.2d 754. And although the Surrogates' Courts may hear questions of construction under New York S.C.P.A. § 1420 (McKinney 1967), this statutory proceeding may be brought upon probate, during administration or upon settlement of the personal representative's account. New York S.C.P.A. § 1420, Supplementary Practice Comment (McKinney Supp.1968). Furthermore, when so construing a will, the Surrogate is exercising "full and complete general jurisdiction in law and in equity." New York S.C.P.A. § 201(3) (McKinney 1967). Georgia has given its Superior Courts jurisdiction over construction of wills. *See* Ga.Code Ann. §§ 37–403, 404; Brewton v. McLeod, 216 Ga. 686, 119 S.E.2d 105 (1961). Consequently, it is concluded that the Court has jurisdiction of the case before it.

### CHARACTER OF THE PARTIES' INTERESTS.

The pleadings and briefs of the parties failed to join issue on the merits of this issue. Plaintiff argued that the parties took remainder interests. Defendant replied that they were given general legacies. It does not appear to the court that the two terms are mutually exclusive.

Interests in property are either possessory (present) or future interests. 31 C.J.S. Estates §§ 13–15, 132. If the right to possession or enjoyment is postponed to a future date, the estate is a future interest. 31 C.J.S. Estates § 15. The parties here agree that possession and enjoyment of their interests were postponed until the death of the life tenant. Consequently, there is no question that they were holders of future interests.

Generally, future interests in transferees can be either remainders or executory interests, depending on whether the future interest divests or cuts short the preceding particular estate prior to its normal expiration. A. Gulliver, Future Interests 55 (1959). Ga. Code Ann. § 85–701 defines an estate in remainder as one limited to be enjoyed upon determination of another estate. Under either criterion, the parties to this action hold remainder interests in at least a portion of the corpus of the Marshall trust.

### EXTENT OF THE PARTIES' INTERESTS.

The chief dispute between plaintiff and defendant is over the extent of their interests in the fund. Plaintiff asserts it is entitled to one half of the appreciated value of the corpus of the trust, arguing:

(1) a Georgia Superior Court has already construed Item 8 of the will of William Audley Marshall;

(2) the decision of that court established the following interpretations:

(a) the testator's use of numerical language in describing segregation of the corpus of the trust had reference only to the value of that proportion of his estate which he wished set aside;

(b) the testator intended that any decrease in value, in the assets of his estate between the date of his death and the time of distribution, reduce equally the corpus of the trust and the residual gift;

(3) therefore,

(a) the numerical language conferring the remainder interests refers only to a proportion of the (appreciated) corpus *i. e.* 50%

(b) the testator must have intended that the two remaindermen share equally in any increase in the value of the corpus.

When the plaintiff's argument is thus stated, it becomes clear that the intent of the testator regarding division of estate assets between the trust corpus and the residuary gift is not relevant to his intended division of that trust corpus between remaindermen; plaintiff's conclusion, resting on a contrary premise, is a *non sequitur*. However, plaintiff's assertion that the former litigation has established the interpretation of the numerical language used in Item 8 is not answered satisfactorily by the defendant. Plaintiff's argument is not that prior litigation adjudicated the rights of these parties, but only that it construed a manner of phraseology again in controversy. In the action before the Georgia Superior Court, the executor of the will argued that the testator intended (1) that after the trust corpus had been set aside, the residuary estate would have approximately the same value; (2) that the securities in the estate should be divided in kind between the trust corpus and the residuary estate, or (3) that the executor should have discretion to make such division in kind; (4) that the $60,000 trust fund should be set aside out of estate securities valued as of the testator's date of death.

It is not possible or necessary to determine what the Superior Court decided was the intent of the testator. The effect of that court's judgment was to treat the testator's use of the term "$60,000" as a reference to the value of a proportion of the estate, as the plaintiff has argued. The use in Item 8 of "half of said amount, or $30,000" to describe the interests of the parties to this action is even more clearly a reference to a proportion, in which the number is merely descriptive of the proportion.

Although the defendant would argue that the applicable whole to which the proportion refers is $30,000, the Court concludes that the terminology describing the remainder interests refers to a proportion of the *appreciated* corpus. First, Item 8 clearly constitutes an attempt to dispose of the entire corpus— the description of the remainder interests comprise the whole corpus. Second, both Item 8 and Item 9, the residuary clause, are otherwise silent regarding the appreciation accumulated at the death of the life tenant. Third, under Georgia law, ordinarily extraordinary accumulation—including enhancement in value—goes to the remainderman. *See,* Ga.Code Ann. § 85–605; cf. Wood v. Davis, 168 Ga. 504, 148 S.E. 330 (1929).

Accordingly, plaintiff's motion for summary judgment is hereby granted. Plaintiff and defendant as remaindermen are entitled to share equally, one half each, in the appreciated value as of April 16, 1964, of the corpus of the trust created by the will of William Audley Marshall, and in the income thereon since said date.

The defendant, MacLean Marshall a/k/a Percy M. Marshall, Jr., individually and in his capacity as Trustee of said trust is hereby ordered:

(1) to answer the interrogatories propounded by the plaintiff February 11, 1969, on or before August 15, 1969; a copy of said answers shall be filed with the court on or before said date;

(2) to distribute to the plaintiff, National Audubon Society, Inc., a corporation organized and existing under the laws of the State of New York, with its principal office and place of business in the City, County and State of New

York, its distributive share above described in the trust created by the will of William Audley Marshall.

Counsel are directed to confer regarding such detailed orders as may be appropriate to carry out this judgment and to submit the same to the court for approval.

It is so ordered.

(Signed) SIDNEY O. SMITH, JR.
Sidney O. Smith, Jr.
United States District Judge