In the Matter of the Judicial Settlement of the Account of Proceedings of JOHN A. STEWART and Others, as Trustees for JOHN B. TREVOR, under the Last Will and Testament of JOHN B. TREVOR, Deceased.

JOHN B. TREVOR, Appellant; JOHN A. STEWART and Others, Trustees, Respondents.

*Will — trust estate — testamentary directions for the investment thereof held to apply to the accumulated income as well as the principal.*

A testator, who devised his residuary estate to trustees with direction that it be divided into four equal parts to represent each of his living children, respectively, by the 7th clause of his will directed the trustees "to hold and invest each share and apply the income therefrom as it shall be received, * * * or so much thereof as shall be necessary to the support, maintenance and education of the child whom it represents, during the minority of any child and until such child shall attain the age of twenty-one years, when all accumulations of interest shall cease, and the accumulated interest shall be paid to such child."

By a subsequent clause the trustees were directed to invest "such funds as they may have in their hands forming part of my estate" in certain specified securities, including United States bonds and railroad bonds and the capital stock of corporations. The testator added: "This clause of my will to be taken as advisory and not directory, and temporary loans may be made on first-class bond or stock securities with ample margin."

*Held,* that, in view of the difficulty of keeping the estate of the testator, which was a very large one, invested within the limits of trust investments, and of the absence of any apparent reason why the testator should authorize the incurring of greater risks in the investment of the capital than in that of the income of the estate, and of any provision of the will calling for any different rule of investment between the two, it must be considered that the accumulated income was within the terms of the will, and the intention of the testator, included in the expression a "part of my estate," and that the trustees were authorized to invest such income in the kind of securities mentioned in the will.

APPEAL by John B. Trevor from so much of a decree of the Surrogate's Court of the county of Westchester, entered in said Surrogate's Court on the 30th day of October, 1897, as adjudges that the authority as to investments conferred upon the trustees in the 10th article of the will of John B. Trevor, deceased, extends to the accumulations of income held for the benefit of John B. Trevor, Jr., and from so much of said decree as finally and judicially settles and

allows the accounts of said trustees as filed and adjusted, and as authorizes the said trustees to retain and hold the securities enumerated in Schedule F of the said account as proper investments of the accumulations of income held for the benefit of said John B. Trevor, Jr.

*George W. Wickersham*, for the appellant.

*E. D. Cowman*, for the respondents.

HATCH, J.:

The will of the deceased directed that one-third of his estate be set apart and held in trust for the benefit of his wife during her life. The remainder of his estate he devised and bequeathed to trustees, with direction that the same be divided into four equal parts, to represent each of his living children, respectively. By the terms of the 7th clause of the will the trustees were "to hold and invest each share and apply the income therefrom as it shall be received  *  *  *  or so much thereof as shall be necessary to the support, maintenance and education of the child whom it represents, during the minority of any child and until such child shall attain the age of twenty-one years, when all accumulations of interest shall cease, and the accumulated interest shall be paid to such child." By the 10th clause of the will the executors and trustees were directed to invest such funds forming a part of the estate in bonds and mortgages of a certain character, and also to make investments of the estate in United States bonds or in bonds of certain other States or in "bonds of railroad corporations in the Northern, Middle or Western States of the United States, secured by mortgage on real property and railroad tracks or terminal properties in cities, of such corporations." This clause also authorized the executors and trustees to subscribe to any issue of capital stock of corporations necessary in their judgment or beneficial for the protection or enhancement of any interest held by the testator at the time of his death and to make any subscription for stocks or bonds or other securities which in view of the investments held by the testator at the time his trustees should think advisable. Uninvested funds of the estate were required to be kept in certain trust companies, except such as

should be required for the payment of debts, legacies and expenses. The testator adds : " This clause of my will to be taken as advisory and not directory, and temporary loans may be made on first-class bond or stock securities with ample margin."

By the 11th clause the executors and trustees were authorized in their discretion to retain such investments as the testator had made in his lifetime, in real estate as well as in railroad bonds or other securities, and to hold the same on account of the trusts provided for in the will. The executors and trustees proceeded to carry out the terms of the will and set apart a portion of the property, as directed in the will, to represent the share of John B. Trevor, an infant son of the deceased. In respect of this interest the executors and trustees have rendered an intermediate account, which has been passed and settled. On July 6, 1897, they rendered and filed a further account of their proceedings from the date of the former decree to July 5, 1897. In the last-mentioned account, *inter alia,* they set out in an appropriate schedule, called " F, " attached to their petition, a statement of all investments of income for the beneficiary under the trust since the date of the last accounting. Reference to this schedule shows that the investments therein mentioned consist of first mortgage bonds of various railroad companies, and of other securities. It is not contended but that these investments are such investments as are authorized to be made of the funds of the estate in pursuance of the terms of the will. Objection was made to this account and to these particular investments by the special guardian of John B. Trevor upon the ground that the trustees were not authorized to invest the accumulated income held for the benefit of John B. Trevor in such securities. The basis of this objection rests in the claim that there is no direction in the will respecting the character of the investments which the trustees shall make of the accumulated income ; that the will which enlarges the scope and character of the investments which the trustees are authorized to make is limited to the capital of the estate, and does not embrace the surplus income ; as to it the trustees are limited to such investments as are trustees exercising general authority, which would not embrace such securities. (*King* v. *Talbot,* 40 N. Y. 76.) This objection has been overruled and the learned surrogate has found that the authority to invest, conferred by the 10th article

of the will, extends to the accumulation of the income held for the benefit of John B. Trevor.

The sole question, therefore, which confronts us for determination, is, does the accumulated income, under the provisions of the will, form a part of the estate of the testator? It may be observed, at the outset, that he who creates a trust requiring the investment of money may direct how the investment shall be made and what securities shall be taken or he can dispense with any security. (*Denike* v. *Harris*, 84 N. Y. 89.) The question always is what was the direction of the testator, and have the trustees fairly obeyed such direction? This right in the creator of the trust is not limited to the *corpus* of the estate; he has equal authority and control over the income arising therefrom. (*Smith* v. *Parsons*, 146 N. Y. 116.) The terms of this will conferring power upon the trustees in making investments are quite broad. It is evident from the character of the trust fund that the testator had been largely interested and had invested heavily in railroad securities, and in a general sense it is quite evident that the testator intended to invest his trustees with much the same power in this respect as he had exercised in the management of his estate. This is evinced by his reference in the will to the character of his own investments and the advisory direction which he inserts in the 10th clause. The direction to invest covered quite a wide range outside of the securities in which trustees exercising general authority might invest, and seems to indicate a purpose upon the part of the testator to trust the management of his estate in its entirety to the trustees in whom he had confidence, with such direction as would enable them to shape their course along lines of investment wherein the testator had accumulated his large fortune. The difficulty of keeping invested the vast estate of the testator is a sufficient reason why the range of investment was enlarged and why large discretionary power was vested in the trustees. Considerations of this character are proper in enabling us to arrive at the intention of the testator as expressed in his will, not alone as to the authority to invest the estate, but also in determining what was meant thereby. (*Denike* v. *Harris*, *supra*.)

We are assured by the appellant that sound reasons exist why one rule of investment should apply to capital and another to income. We are, however, unable to satisfy our minds that any reason exists

which would prompt the testator to authorize greater risks of capital than of the income therefrom: It would seem that the thing which was the producing cause would be guarded quite as carefully as would be the thing produced. Both are of the same nature; the income when reduced to possession becomes capital, and it in turn by investment produces. There would seem to be no reason why one should not be guarded with the same care as the other, as the provision which protects one would equally protect the other. There is nothing, therefore, in the terms of the will relating to income, by reason of its nature and character, which calls for any different rule in investment, from that applicable to capital. Was the accumulated income a part of the estate of the testator? We think it was within the terms and provisions of this will, and within the intent of the testator was to be so treated. The estate was very large. It is evident that the testator had it substantially invested, and that his direction was to leave it, so far as practicable, as it then was. The *corpus* of the estate being thus invested, the natural solicitude would arise in respect of the income which was produced in large sums. This income was a trust fund when produced, for all purposes of care and disposition by the trustees, as was the *corpus*. It was held under the same power, was disposed of by the same authority and the legal title vested in the same persons. By the terms of the 7th clause of the will this whole sum, *corpus* and income, was to be held by the trustees; it was not payable to any one until the infant became of age or died. Pending this period investment was required. By the terms of this trust the whole was held as a fund, one a part of the estate the same as the other, and the direction was to invest "such funds as they may have in their hands forming part of my estate." We think these words, "my estate," had reference to the whole fund which should come to the hands of the trustees and require investment by them. No words in the will make distinction between the investment of capital and income; and as there is no reason why one should be treated differently from the other, or why one part should not be regarded as a part of the estate within the language of the will, we must conclude that it was so embraced. The expression of various words used in the will, tending in a sense to show that there was distinction intended to be made between principal and income, by the tes-

tator, is not controlling. The canon of construction, that words occurring more than once in a will shall be presumed to be used always in the same sense, unless a contrary intention appear from the context, or the words be applied to a different subject, is subject to qualification; it always remains a question of intention. (*United States Trust Co.* v. *Black*, 146 N. Y. 1.)

The ample directions given in the 10th clause of the will, as to investment and control over capital and income by the trustees, fairly import an intention upon the part of the testator to treat both as a part of his estate, and vest the same authority in the trustees for the investment of both. This direction is so sufficiently supported by the context of this clause as to require the disregard of words used in other parts of the will which might import a different intent. It is sufficient to say that they are not of controlling significance, and may not overrule the intention of the testator in this regard. The fact that the income vested in the infant when received is not controlling. The Court of Appeals found no difficulty in concluding that a testator had authority to make disposition of the accumulated income of an infant dying during minority, although the statute provided that such accumulation must be for the benefit of the minor. There is scarcely less authority for saying that the income which is vested in the control of trustees, to be held by them during the minority, is to be regarded as a part of the estate which the trustees take. We think that the language of this will made no distinction between principal and income, but that the whole was a part of the estate of the testator and so remained for all purposes until paid over in pursuance of the terms of the will.

It follows that the decree of the surrogate was right and should be affirmed.

All concurred, except CULLEN, J., absent.

Decree of the surrogate affirmed, with costs to both parties payable out of the fund.