In the Matter of the Judicial Settlement of the Accounts of
    ALBERT C. HALL and THOMAS G. RITCH, Appellants, as
    Trustees of ALVAH HALL, Deceased.

ISABEL M. HALL et al., Respondents.

· 1. APPEAL — UNANIMOUS AFFIRMANCE OF SURROGATE'S DECREE BY
APPELLATE DIVISION. Where a referee acquits testamentary trustees of
bad faith in making an investment, but holds them liable to the *cestuis que
trust* on the ground that the character of the investment was illegal, and
his report is confirmed by the surrogate, and the latter's decree is unani-
mously affirmed by the Appellate Division, which, while it holds that
under the will the trustees were not limited to ordinary trust investments,
was of the opinion that the investment was speculative and hazardous
and, therefore, improper, the Court of Appeals must affirm the judgment,
and cannot look into the evidence to see how speculative or unreasonable
the investment was.

2. TESTAMENTARY TRUSTEES — LIABILITY FOR LOSS FROM INVESTMENTS.
Trustees under a will empowering them to invest the funds of the trust
"in any security, real or personal, which they may deem for the benefit of
my estate and calculated to carry out the intention of this, my last will,"
are given a discretion as to the character of investments they may make,
and are not limited to the investments required by a court of equity, in
the absence of any direction from the testator; but they must exercise
a sound discretion as well as good faith and honest judgment, and, in the
absence of words in the will giving greater authority, are not authorized
to invest the fund in new speculative or hazardous ventures, although
they acted in good faith, and they will be held liable to the non-assenting
*cestuis que trust* for losses resulting from such an investment.

3. ESTOPPEL OF ASSENTING CESTUIS QUE TRUST — MODIFICATION ON
APPEAL OF DECREE PROTECTING TRUSTEES. Equitable life tenants of a
trust fund who consent to such an investment are estopped from question-
ing its propriety, and when, in certain contingencies, they may be entitled
to share in the principal of the fund, a surrogate's decree which author-
izes the trustees to retain the shares of life tenants who consented to the
investment, in the income produced by the sum which the trustees are
directed by the decree to pay into the fund on account of the loss result-
ing from the investment, must be modified on appeal so as to provide
that in case any beneficiary who has assented to the investment shall
become entitled to any part of the principal of the fund paid by the trus-
tees, then the trustees may retain such part.

*Matter of Hall,* 48 App. Div. 488, modified.

(Argued June 8, 1900; decided October 2, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made March 6, 1900, affirming a decree of the Surrogate's Court of the county of New York adjudging certain investments made by the trustees herein to have been illegal and unauthorized.

The facts, so far as material, are stated in the opinion.

*C. N. Bovee, Jr.,* for appellants. The testator had power to enlarge the field of investment for trustees named in his will. (*Denike* v. *Harris,* 84 N. Y. 89; *Matter of Stewart,* 30 App. Div. 368.) The will itself authorized the trustees to make the investments which were made. (*Lawton* v. *Lawton,* 35 App. Div. 389; *Baud* v. *Fardell,* 7 De G., M. & G. 628; *Lewis* v. *Nobbs,* L. R. [8 Ch. Div.] 591; *Forbes* v. *Ross,* 2 Cox Ch. Cas. 116; 3 Williams on Executors [7th Am. ed.], 335.) In the light of the surrounding circumstances, the language of the will confers upon the trustees the widest discretion in the investment of funds of the estate. (*Lawton* v. *Lawton,* 35 App. Div. 389; *Denike* v. *Harris,* 84 N. Y. 89; *Greene* v. *Greene,* 125 N. Y. 506; *Speight* v. *Gaunt,* L. R. [22 Ch. Div.] 727; *Matter of Lee,* 141 N. Y. 58; *Matter of Keinz,* 88 Hun, 298; *Matter of Hoyt,* 160 N. Y. 607.) All that a court of equity requires is common skill, common prudence and common caution. The trustees acted in good faith. They used such diligence and prudence as men of discretion and intelligence in such matters employ in their own like affairs. (*Bartals' Estate,* 182 Penn. St. 407; *Crabb* v. *Young,* 92 N. Y. 65; *Thompson* v. *Brown,* 4 Johns. Ch. 619; *Knight* v. *Earl of Plymouth,* 3 Atk. 480; *Jack's Appeal,* 94 Penn. St. 371; *Dabney's Appeal,* 120 Penn. St. 356; *Cooper* v. *Cooper,* 77 Va. 20; *Merritt* v. *Merritt,* 62 Mo. 157; *Mickle* v. *Brown,* 4 Baxt. [Tenn.] 468; *Lovell* v. *Nimot,* 20 Pick. 116.) The court has power to enlarge or restrict the list of specific investments allowed to trustees, having due regard to the custom of prudent investors in the community at the time. (*King* v. *Talbot,* 40 N. Y. 76; 9 Pick. 140; 20 Pick. 116; *Ormiston* v. *Orcutt,* 84 N. Y. 343; *Mills* v. *Hoffman,* 26 Hun, 600.)

*William C. Cammann* for respondents. The authority granted by the terms of the will itself was not broad enough to warrant the investment made. (*King* v. *Talbot*, 40 N. Y. 76; *Adair* v. *Brimmer*, 74 N. Y. 539.) On the facts and with or without any discretion the investment was unwarranted and must be condemned. (*King* v. *Talbot*, 40 N. Y. 76.)

*Bernard J. Tinney*, special guardian, for infant respondents. The investment of the $25,000 in the umbrella trust by the trustees was unauthorized either in law or by the will. (*King* v. *Talbot*, 40 N. Y. 76; *Adair* v. *Brimmer*, 74 N. Y. 539; *Warren* v. *Union Bank*, 157 N. Y. 268.)

Cullen, J. The question in the case is as to the liability of the appellants as trustees for an investment of twenty-five thousand dollars in the debenture stock of "The Umbrella Company." The authority given the appellants by the will is: "I hereby give my said executors and trustees hereinbefore named full power to reinvest the proceeds of such sale or other act as aforesaid in any security real or personal which they may deem for the benefit of my estate and calculated to carry out the intention of this my last will." The testator himself had been in the umbrella business, and by the sixth clause of his will he directed that his interest in the business be closed on the first day of July or the first of January immediately following his decease. The referee acquitted the appellants of any bad faith, but held them liable on the ground that the character of the investment was illegal. This report was confirmed by the surrogate and the surrogate's decree unanimously affirmed by the Appellate Division, which, while it held that under the will the trustees were not limited to what might be called ordinary trust investments, was of opinion that the investment was speculative and hazardous, and, therefore, improper. With this view we agree. As there was a unanimous affirmance below, unless we are prepared to decide that good faith exonerates the trustees from

liability, no matter how speculative, hazardous or unwise the investment may have been, we must affirm the judgment and cannot look into the evidence to see how speculative or unreasonable the investment was.

The investment in the case at bar was in the preferred stock of a corporation organized to conduct the manufacture and sale of umbrellas, and formed by the consolidation of several firms at the time engaged in that business. The corporation had no real estate or plant. The preferred or debenture stock was issued for merchandise, fixtures and book accounts of the firms, while the common stock was issued for the supposed good will of those firms. While the money was not paid on an original subscription of stock, but the stock was bought from a holder, still it was during the very first days of the existence of the company and before experience had shown that it could achieve any success or stability. After doing business for a short time the corporation failed and two-thirds of the investment of twenty-five thousand dollars was lost. One of the firms from the consolidation of which the corporation sprang was that of the appellant Hall, in which firm the testator at the time of his decease was a partner. As pointed out in the opinion delivered by Justice BARTLETT in the Appellate Division the testator certainly never intended that the money he had directed to be withdrawn from the business should be invested in the same business.

We concede that under the terms of the will the trustees were given a discretion as to the character of the investments they might make, and that they were not limited to the investments required by a court of equity in the absence of any directions from a testator. The trusts of this will are to provide the testator's children with incomes during their lives, and on their deaths the principal is to go to their issue. The very object of the creation of the trust, was, therefore, the security of the principal, otherwise the testator might better have given the property outright to his children who were the primary objects of his bounty. The range of so-called

"legal securities" for the investment of trust funds is so narrow in this state that a testator may well be disposed to grant to his executors or trustees greater liberty in placing the funds of the estate. But such a discretion in the absence of words in the will giving greater authority should not be held to authorize investment of the fund in new speculative or hazardous ventures. If the trustees had invested in the stock of a railroad, manufacturing, banking, or even business corporation, which, by its successful conduct for a long period of time, had achieved a standing in commercial circles and acquired the confidence of investors, their conduct would have been justified, although the investment proved unfortunate. But the distinction between such an investment and the one before us is very marked. Surely there is a mean between a government bond and the stock of an Alaska gold mine, and the fact that a trustee is not limited to the one does not authorize him to invest in the other.

In our judgment the authority given to the appellants by this will is quite similar to that vested in trustees in the New England states, where the strict English rule as to the investment of trust securities which prevails in this state does not obtain. In *Mattocks* v. *Moulton* (84 Maine, 545) it was held that in the investment of trust funds the trustee must exercise *sound discretion* as well as good faith and honest judgment. The court said: "It will be generally conceded that a mere business chance or prospect, however promising, is not a proper place for trust funds. While, of course, all investments, however carefully made, are more or less liable to depreciate and become worthless, experience has shown that certain classes of investments are peculiarly liable to such depreciation and loss. These, of course, would be avoided by every prudent man who is investing his own money with a view to permanency and security rather than chance of profit. A trustee should, therefore, avoid them, even though he sincerely believes a particular investment of that class to be safe as well as profitable." In *Dickinson*, appellant (152 Mass. 184), a trustee was held liable for an investment in

Union Pacific railroad stock. It was there said: " Our cases, however, show that trustees in this commonwealth are permitted to invest portions of trust funds in dividend-paying stocks and interest-bearing bonds of private business corporations, *when the corporations have acquired, by reason of the amount of their property, and the prudent management of their affairs, such a reputation that cautious and intelligent persons commonly invest their own money in such stocks and bonds as permanent investments.*"

Several of the equitable life tenants consented to the investment made by the trustees and are estopped from questioning its propriety. The courts below have so held and have authorized the trustees to retain the shares of such life tenants in the income produced by the sum which the appellants have been directed to pay into the fund on account of the loss on the securities. The decree, however, does not go far enough in this respect, for in certain contingencies these life tenants may be entitled to share in the principal of the fund. The decree should be modified so as to provide that in case any beneficiary who has assented to the investment in the umbrella stock should become entitled to any part of the principal of the fund paid by the trustees, then the trustees may retain such part, and as so modified affirmed, without costs of this appeal to any party.

O'BRIEN, BARTLETT, HAIGHT and LANDON, JJ., concur; PARKER, Ch. J., and VANN, J., dissent.

Judgment accordingly.