In the Matter of the Estate of CHARLES MANGINI, Deceased.

Surrogate's Court, New York County, April 8, 1942.

*Arthur J. Blank,* for the petitioners.

*Harvey O. Dobson,* for the respondents.

*Alfred Rathheim,* special guardian.

FOLEY, S. In this contested accounting proceeding the principal question in dispute involves the right of a deceased trustee to invest surplus accumulated income in a mortgage on real estate. By the terms of his will the testator made a specific bequest of certain articles of personal property to his wife. He gave the residue and remainder of all his estate to his trustee with power to collect and receive the income and to pay over to his wife the sum of $400 per month during her lifetime. He further directed that upon the death of his wife the executor divide such residue between his daughters, Gloria Mangini and Grace Mangini, in equal shares. He further directed that if either or both of his daughters should predecease his wife leaving lawful issue, such issue of the deceased daughter shall be entitled to receive the latter's share of the remainder. In the event that the daughter died without issue, the surviving daughter became entitled to the whole of the remainder. There are ulterior gifts over in the event of the death of both daughters which are academic at this time.

The widow of the testator, who is the annuitant named in the will, survives. One of the daughters, Gloria, died during the period of the trust without issue. The other daughter, Grace, is thus the presumptive owner of the next eventual estate by reason of the fact that she is the potential remainderman.

At the time of the death of the testator in 1925, the value of his estate approximated $90,000. His will was made a few months before his death. He apparently believed that the annual sum of $4,800, given to his wife by the terms of the will, would consume the net income of the trust. The will contains no express direction for the payment of surplus income. By reason of some fortuitous chance, certain securities which he left became highly productive during the term of the trust. The surplus income thus derived over and above the requirements of the annuity to the wife amounted to $172,348.57. At the time of the death of the testator both of his daughters were infants. The older, Gloria, was then fifteen years of age. She died a few months after attaining her majority in 1931. The younger daughter was eight years old at the death of her father. She attained her majority on August 16, 1937.

In the contested accounting proceeding an attack was made under the objections filed to the account by the estate of the deceased daughter and by the surviving daughter upon the action of the deceased trustee in investing in 1928 the sum of $24,000 out of this surplus income in a mortgage on real estate. They contend that the trustee was without any authority in law or under the terms of the will to make such an investment and that he was required to maintain the accumulation in cash or pay over the amount currently

to the guardians of the infants during their respective minorities or directly to them after they became of age.

The executors of the deceased trustee on the other hand, who are the accounting parties here, assert that under the terms of the will and the applicable law the trustee was required to retain the accumulated income in his hands, that the testator in his will gave implied authority to the trustee to retain and invest funds and that the investment in the mortgage was legal and proper.

The learned referee to whom the issues were referred has sustained the contention of the estate of the deceased trustee and held the investment to have been authorized. The surrogate approves and confirms this conclusion. Reliance was placed by the referee upon the rules enunciated in *Cochrane* v. *Schell* (140 N. Y. 516). In that case the testator gave the entire residue of his estate to his trustees. In the pending case the testator likewise gave all his remaining property to his trustee. In the *Cochrane* case certain annuities were given. There, likewise, there was surplus annual income above the requirements of the will undisposed of by any express direction. The court said: " There was no express direction for the accumulation of the large surplus income which would be likely to arise and be received by the trustees, nor any express disposition thereof as such made by the will. But in the absence of any express direction for accumulation or other disposition, it would be the duty of the trustees under the will to retain and accumulate it, and from this duty a direction for accumulation is implied. (*Gilman* v. *Reddington*, 24 N. Y. 9.) "

An analysis of the effect of the rules stated in the *Cochrane* case leads to the following conclusions: (1) An *implied* direction for an accumulation may be read into a will; (2) an accumulation for a minority is lawful; (3) during the lawful period of the trust, the trustee takes and retains title to the moneys, securities and other property constituting the principal of the fund and may hold and invest the accumulated income during the minority of the infant entitled to take as the owner of the next eventual estate; and (4) an accumulation for the lives of persons not in being at the death of the testator or for the period beyond the majority of an infant is void.

The court thus recognized the well-established principle that under the then existing statutes (which still remain unchanged) an accumulation for the minority of an infant is valid. (Real Prop. Law, § 61; Pers. Prop. Law, § 16.)

The trustee here is described in the will as a " trusted friend " of the testator. His administration of the estate justified that confidence. Not the slightest suspicion of dishonesty or bad faith on his part has been shown. He appears to have handled the

trust with efficiency and prudence. In making the investment he acted under an authority which the Court of Appeals in the *Cochrane* case had recognized. There is no basis for any surcharge against him. The fact that the mortgage shared the fate of many other legal investments and the property went into foreclosure may not be used to compel an unwarranted surcharge against his estate. (*Matter of Clark,* 257 N. Y. 132; *Mills* v. *Bluestein,* 275 id. 317; *Matter of Smith,* 279 id. 479.)

This investment was made in 1928 during the minority of both of the infants. It was, therefore, proper. If the trustee had made the investment after the infants had attained majority, it would have been improper. One might assume that if the trustee had not invested the funds but had permitted them to remain in cash without earning interest, an alternative attack would have been made upon him for his negligence and inaction. The report of the referee on this phase of the proceeding is confirmed.

The remaining parts of the referee's report are likewise confirmed.

(Other directions included in the original decision of the surrogate omitted because of their subordinate importance.)

Submit decree on notice approving the foregoing stipulation, confirming the referee's report and settling the account accordingly.