In the Matter of the Will of Louise M. Gordon, Deceased.

Surrogate's Court, Orange County, April 8, 1943.

*Arthur I. Strang, Jr.,* for Bank of New York, as trustee, petitioner.

*Henry G. Arfmann,* special guardian.

TAYLOR, S. Construction is asked of the "SIXTH" and "SEVENTH" paragraphs of decedent's will, the particular inquiries being whether

(a) These paragraphs create powers in trust, or true trusts;

(b) If trusts are created, may the corpora be invested and reinvested;

(c) If they are true trusts, in whom do the trust corpora and any accrued income thereon vest on the death of Rosalie B. Gordon during her minority, and upon the death of Walter F. Gordon before he attains the age of twenty-five years;

(d) If true trusts are created does the trustee have power to invest the accrued income or so much of it as is not needed for the education of the beneficiaries, and

(e) What disposition should be made of the surplus income, if any, in the Walter F. Gordon trust after the beneficiary becomes twenty-one years of age and before he becomes twenty-five years of age.

The two clauses involved are as follows:

"SIXTH: I give to my executrix and executors hereinafter named, or the survivors of them, the sum of Fifteen thousand dollars ($15,000) to hold the same in trust during the minority of Rosalie B. Gordon, daughter of my nephew, Walter F. Gordon, and to apply the issues and income thereof for the education of said Rosalie B. Gordon, and upon her majority to pay the principal to said Rosalie B. Gordon.

"SEVENTH: I give to my Executrix and Executors hereinafter named, or the survivors of them, the sum of Fifteen thousand dollars ($15,000) to hold the same in trust for Walter F. Gordon, son of my nephew, Walter F. Gordon, until he attains the age of twenty-five years, and to apply the issues and income thereof for the education of said WALTER F. GORDON until he attains the age of twenty-five years, and upon his attaining said age to pay over the principal thereof to him."

These clauses will be construed and the court's advice given upon all the questions posed, except that which involves the vesting of the corpora and any accrued income thereon upon the death of Rosalie B. Gordon during her minority, and upon the death of Walter F. Gordon before he attains the age of twenty-five years. Both beneficiaries are living and Walter F. Gordon has not yet attained the age of twenty-five years. This question, therefore, is presently academic.

The two clauses are held to provide for true trusts rather than to create powers in trust. While the use of the words " in trust " are not necessary to create that type of ownership, nevertheless where the words are used, as in this case, they are indicative of the testatrix's intention. In all will constructions the testator's intention is the pole star and governs, even though ordinarily the particular word phrasing might on a strict construction be held to fail to carry out the obvious intention of the testator. In this case there are presented all of the elements of trust. (*Brown* v. *Spohr*, 180 N. Y. 201; *Putman* v. *Lincoln Safe Deposit Co.*, 191 N. Y. 166; *Morse* v. *Morse*, 85 N. Y. 53.)

It is to be noted in respect to the quoted clauses that there are gifts to the executrix and executors, or the survivor of them, of sums of money " to hold the same in trust ", and there can be no question that not only was it the testatrix' intention to create trusts, but appropriate words to that end were used.

The quoted clauses direct the trustees to hold the property (in this case moneys) during the minority of the testatrix' grandniece, and with respect to the grandnephew until he attains the age of twenty-five years, and " to apply the issues and income thereof for the education " of said grandniece and grandnephew, but fail to direct the corpora investment and reinvestment. Obviously, there would be no " issues and income thereof " for the education of these two children if the trust principal were not invested and kept invested. There is an implied direction to invest the principal. (*Morse* v. *Morse*, 85 N. Y. 53, *supra; Cass* v. *Cass*, 15 App. Div. 235; *Matter of Ardrey*, 232 N. Y. 109; *Matter of Hardenbergh*, 144 Misc. 248.)

A very similar question arose in *Matter of Stambaugh* (135 Penn. St. 585). In that case the will appointed a trustee to hold certain balances for the testator's son and to pay interest to the son after deducting expenses with remainder over. With respect to the question here involved, that court said (p. 596): " It is true there is no such direction in terms [to invest], but the duty to do so arises by necessary implication from the order to pay over the interest. How could interest be earned or paid over, without an investment of the principal?

The legal effect of the will is precisely the same as if it had formally directed the trustee to invest the fund from time to time, and pay over the net income to Moses [the son] during his life.''

Reference is also made to *Parkhurst* v. *Ginn* (228 Mass. 159, 175), and the following quotation from that case is pertinent here: '' Instruction is requested whether the trustees have power to invest and reinvest the trust fund. It is plain that this power is conferred upon them by implication, although not in express terms. The testator knew and had in mind the fact that his investments could not always continue the same, as appears from several terms of the will. The active duty of securing income sufficient to meet the various obligations as to annuities and otherwise rests upon the trustees. By necessity they are clothed with the power and charged with the duty to invest and keep safely and productively invested the funds of this trust, in such property and securities as are recognized as appropriate for trust funds, or are authorized by the will.''

It is unquestionably the duty of a trustee to make the '' trust funds '' productive and income, as well as principal, is part of the '' trust fund '' (Restatement, Law of Trusts, § 181).

There is authority that where a will either in express terms or by necessary implication directs the accumulation of income, it may be the duty of the trustee to keep such income also invested. (*Cochrane* v. *Schell*, 140 N. Y. 516; *Matter of Keane*, 95 Misc. 25; *Matter of Mangini*, 178 Misc. 500; *Matter of Stewart*, 30 App. Div. 368, affd. on opinion below, 163 N. Y. 593.)

In this case there is a direction by implication to accumulate income, for the grandniece is now seventeen years of age and the grandnephew twelve years of age. Although there is nothing in the petition upon the subject, it is a fair inference that no part of the income for the grandnephew presently needs to be used for his education. Whether all of the income from the trusts for the benefit of the grandniece and grandnephew will need to be used for her or his education is not presently determinable, although it would seem that as each trust principal is only $15,000, providing higher education for either will require not only the income available from this trust but a sum in addition thereto.

Whether or not the income from either of these trusts should be invested in other than an interest-bearing bank account while being accumulated is a matter of business judgment, to be determined upon a review of the more intimate affairs, and is peculiarly a problem for the trustees. The Surrogate will not attempt to advise the trustees in the exercise of business judg-

ment. (*Matter of Daly,* 152 Misc. 210.) The decision will go no further than to determine that the trustees possess the right to invest the accumulated income.

The final question is the disposition of the income in the grandnephew's trust after he becomes twenty-one years of age and before he reaches the age of twenty-five years, if such income be more than sufficient to meet the educational requirements of the grandnephew. Obviously, the attempt to provide for the accumulation of income after the minor beneficiary becomes of age is in contravention of section 16 of the Personal Property Law. Although this question of the disposition of surplus income, if any, is more or less academic at the present time, the Surrogate has considered it because it also involves income only.

There can be no doubt that the grandnephew is either vested with the trust remainder, possession only being postponed, or he is the owner of the next eventual estate, and in either event he would be the one entitled to surplus income accruing after he becomes of age. It would seem, however, that the testatrix' intention to provide an education for the grandnephew would be more nearly carried out if the trustees kept in their possession, after the beneficiary becomes twenty-one, income not currently used for education until it would appear that the grandnephew had exhausted his educational desires so far as involved attendance at any school or college. (*Matter of Bavier,* 164 App. Div. 358; *Hill* v. *Guaranty Trust Co.,* 163 App. Div. 374.)

Decree or order may be presented on consent, or settle upon notice.