S. Samuel Di Falco, S.
In this proceeding to settle its account the executor has requested this court to determine the meaning and effect of paragraph sixth of the decedent’s will. The specific question presented is whether the language used by the testatrix created dry or passive trusts or whether valid trusts were created. The text of the paragraph reads as follows: Sixth: I give and bequeath to each of my grandchildren, Shirley E, Repp, William L, Repp, Margaret M. Corin and Mxghael M. Corin, an amount equal to one-tenth of each of the entire shares which I give to their respective parents, Jeanette Kathryn Repp and Edmund Emerson Corin, as specified in Paragraph Fifth hereof, to he held for them in trust, *700 by my trustee hereinafter named, and distributed to them, together with all accumulated income, as each reaches his (her) twenty-fifth birthday. ’ ’
Only two of the infants are affected because the other two infants named by the testatrix are now over 25 years of age. If, as contended by the special guardian dry or passive trusts were created, such trusts are invalid and the gifts vest immediately in the infants and are payable to their duly qualified general guardians. (Jacoby v. Jacoby, 188 N. Y. 124; Matter of Berliner, 267 App. Div. 1000; Matter of Cole, 163 Misc. 102.) If, on the other hand, valid trusts have been created the funds involved must be paid over to and administered by the named trustee in accordance with the testatrix’ wishes as far as it is legally possible so to do.
The intent of the testatrix is clear. Although absolute gifts were made to the infants, it was her obvious desire that these gifts be held in trust and administered by the trustee until each of the infants became 25 years of age. All of the elements of a valid trust are present and it is the duty of the court to give effect to the ascertained intention of the testatrix if and whenever possible. (Morse v. Morse, 85 N. Y. 53; Putnam v. Lincoln Safe Deposit Co., 191 N. Y. 166; Broivn v. Spohr, 180 N. Y. 201; Matter of Buechner, 226 N. Y. 440.) The direction to the trustee to accumulate the income clearly implies a direction to invest the principal of the trust requiring* active duties of the trustee which distinguishes the case at bar from those cases where the court held that a dry or passive trust was created. (Matter of Ardrey, 232 N. Y. 109; Matter of Hardenbergh, 144 Misc. 248; Matter of Gordon, 40 N. Y. S. 2d 888; Matter of Babbage, 201 Misc. 750.) The court finds, therefore, that the testatrix by paragraph Sixth of her will created valid trusts for the two infants still under 25 years of age.
The direction by the testatrix that the income be accumulated until each of the infants attains the age of 25 contravenes section 16 of the Personal Property Law. As the gifts made by the testatrix were absolute and vested in the infants at the time of the testatrix’ death and the said infants are the owners of the next eventual estate, the court directs the payment of the accumulated income and all net income produced by the trusts thereafter to each of the infants when they attain their respective twenty-first birthdays. (Matter of Gordon, supra; Matter of Mangini, 178 Misc. 500; Matter of Trischett, 184 Misc. 599, affd. 270 App. Div. 767.)
Submit decree on notice or consent construing the will and settling the executor’s account accordingly.