Joseph A. Cox, S.
In this proceeding for the settlement of the account of the executors the petitioners ask that the court define their powers with respect to their right to accumulate income on legacies payable to infant legatees. The will in its Seventh paragraph provides as follows:
“ seventh. I direct my said executors to act as trustees without bond for any and all infant beneficiaries under this, my Will, during their minority in respect of any share or shares of my estate which may be distributable to or for the benefit of such infant beneficiaries with full power to use and apply any part of the income or capital of such share for the support, *973 maintenance and education or welfare of such respective infant-beneficiaries during minority as in the sole discretion and judgment of my said trustees may be advisable.
‘ ‘ My trustees may make payment of any income or principal payable to a minor by making such payment either to the parent or guardian of such minor or by applying the same for the benefit of such minor ’
It will be noted from the foregoing that there is no specific direction or grant of permission authorizing the fiduciaries to accumulate the income on bequests to infants during the minorities of the respective recipients. Such a direction must necessarily be implied, however, from the grant of power to distribute only such parts of the income as the fiduciaries deem advisable. Such has been the holding in a line of cases commencing with Gilman v. Reddington (24 N. Y. 9), subsequently followed in Cochrane v. Schell (140 N. Y. 516); Matter of Mangini (178 Misc. 500), and most recently in Matter of Leibson (91 N. Y. S. 2d 628). There is nothing in the testamentary direction in this case to distinguish the will from those which were the subjects of the cited decisions. The court holds accordingly that the fiduciaries as donees of powers in trust have full authority to accumulate unexpended income during the minorities of infant legatees.